UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HILL, KERTSCHER & WHARTON, LLP; DOUGLAS R. KERTSCHER; ROBERT R. JOSEPH; DARYL MOODY; MAST NINE, INC.; UAS INVESTMENTS, LLC; LEUCADIA INVESTMENT HOLDINGS, INC.; RONALD E. STADTMUELLER,<br><br>　　　　　　　　　　　Defendants. | Case No.: 21-CV-1158 JLS (WVG)<br><br>**ORDER (1) GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE; (2) GRANTING DEFENDANT'S MOTION TO STAY; (3) DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT; AND (4) GRANTING PLAINTIFF'S EX PARTE MOTION TO EXTEND TIME TO SERVE SUMMONS AND ALLOWING SERVICE BY PUBLICATION ON DARYL MOODY**<br><br>(ECF Nos. 6, 23, 42, 43) |

　　　Presently before the Court is Defendant Ronald E. Stadtmueller, Chapter 7 Trustee for Leucadia Group, LLC's (the "Trustee") Motion to Dismiss, or, in the alternative, Stay the Complaint ("Mot.," ECF No. 6), as well as the Trustee's Request for Judicial Notice in support of the same ("RJN," ECF No. 6-1). Plaintiff Certain Underwriters at Lloyd's, London ("Plaintiff" or the "Underwriters") filed an Opposition to the Motion ("Opp'n," ECF No. 25), and the Trustee filed a Reply in Support of the Motion ("Reply," ECF No.

1

26). Defendants Hill, Kertscher & Wharton, LLP ("HKW"); Douglas R. Kertscher; and Robert R. Joseph (collectively, the "HKW Defendants") filed a Notice of Joinder in the Trustee's Motion to Stay Proceedings and Request for Judicial Notice (ECF No. 15). Plaintiff also has filed Motions for Default Judgment against Defendants Leucadia Investment Holdings, Inc.; Mast Nine, Inc.; and UAS Investments, LLC (ECF Nos. 42, 43), as well as an Ex Parte Motion to Extend Time to Serve Summons and Complaint and for Order Allowing Service on Daryl Moody by Publication (ECF No. 23). The Court took these matters under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF Nos. 24, 44. Having carefully reviewed Plaintiff's Complaint ("Compl.," ECF No. 1), the Parties' arguments, and the law, the Court rules as follows.

## BACKGROUND

The Underwriters issued a professional liability insurance policy (the "Policy") to the Georgia law firm HKW and attorneys Douglas R. Kertscher and Robert R. Joseph. Compl. ¶ 14. There are two malpractice lawsuits pending against the HKW Defendants arising from legal advice the HKW Defendants provided in litigation in California and Georgia. *See id.* ¶¶ 18, 21–22. First, Georgia resident Daryl Moody ("Mr. Moody") and his Georgia entities Mast Nine, Inc.; UAS Investments, LLC; and Leucadia Investment Holdings, Inc. (collectively, the "Moody Defendants") filed a legal malpractice action against the HKW Defendants in Cobb County Superior Court on April 28, 2017. *Id.* ¶ 21; *see Moody v. Hill, Kertscher & Wharton, LLP*, No. 17-A-1127 (Ga. Sup. Ct. 2017) (the "Underlying Georgia Action"). Second, Leucadia Group LLC, which is currently the subject of Chapter 7 bankruptcy proceedings, filed a professional negligence action against the HKW Defendants and others in San Diego Superior Court on August 31, 2018. Compl. ¶ 22; *see Stadtmueller v. Hill, Kertscher & Wharton, LLP*, No. 37-2018-00044438-CU-BC-CTL (Cal. Sup. Ct. 2018) (the "Underlying California Action").

I.  **The Georgia Declaratory Relief Action**

On May 16, 2017, one month after the Moody Defendants filed the Underlying Georgia Action against the HKW Defendants, the Underwriters filed a separate declaratory

relief action in Georgia state court against the HKW Defendants and Mr. Moody. *See Certain Underwriters at Lloyd's, London v. Moody*, No. 17103671 (Ga. Sup. Ct. 2017) (the "Georgia Declaratory Relief Action"). The Georgia Declaratory Relief Action seeks an adjudication that the Policy does not cover the Underlying Georgia Action brought by the Moody Defendants against the HKW Defendants. *See* ECF No. 6-2. Plaintiff advanced several arguments as to why the Policy did not provide coverage. Relevant to the present action, Plaintiff argued coverage was barred because (1) the claims in the Underlying Georgia Action arose from an incident that occurred before the effective date of the Policy; (2) the conditions for the claims to be covered had not been met; and (3) the HKW Defendants had knowledge of the incident that would form the basis of the Moody Defendant's claim prior to the effective date of the Policy. *Id.* ¶¶ 68–70.

The Georgia Declaratory Relief Action proceeded to summary judgment, where Plaintiff argued that the court should hold that the Underwriters "have no legal duty to provide for a defense or to indemnify any of the [HKW] Defendants for any judgment, settlement, or claim in the [Underlying Georgia Action]." ECF No. 6-3 at 37. Plaintiff prevailed at summary judgment. *See* ECF No. 6-4. The Georgia court found that the Policy did not cover any of the claims in the Underlying Georgia Action because the claims were made prior to the Policy's effective date, and the HKW Defendants had pre-Policy knowledge of the incident that they could reasonably expect to form the basis of Mr. Moody's claim. *Id.* at 19.

On June 15, 2020, the Court of Appeals of Georgia overturned the lower court's summary judgment ruling. *See* ECF No. 6-5. The appellate court held that there were issues of material fact as whether the HKW Defendants had pre-Policy knowledge and that the lower court erred in finding the Moody Defendants' claim was made prior to the effective date of the Policy. *Id.* at 17–18. On June 9, 2021, the HKW Defendants filed a motion in the state court requesting leave to amend their answer and assert a counterclaim against the Underwriters. *See* Georgia Declaratory Relief Action, ECF No. 151. The Georgia Court granted the motion, and the HKW Defendants subsequently filed a

counterclaim seeking declaratory judgment that the Policy obligates Plaintiff to defend and indemnify the HKW Defendants in the Underlying Georgia Action. *See id.*, ECF No. 153.

## II. The Present Action

On June 23, 2021, fourteen days after the HKW Defendants asserted their counterclaim in Georgia state court, Plaintiff filed the present action. The Complaint seeks a determination that "the Policy is rescinded *ab initio* based on material misrepresentations in the HKW Defendants' application for the policy, and that the policy therefore provides no coverage to any of the HKW Defendants." Compl. ¶ 16. Alternatively, Plaintiff seeks a judgment declaring that the Policy by its terms provides no coverage for the Underlying California Action and the Underlying Georgia Action. *Id.* ¶ 17. The Underwriters named the HKW Defendants; the Moody Defendants; Leucadia Investment Holdings, Inc.; and the Trustee as defendants. *See generally* Compl.

The HKW Defendants answered Plaintiff's Complaint on August 25, 2021. ECF No. 7. In lieu of answering, the Trustee filed the present Motion to Dismiss or Stay the Complaint. *See generally* Mot. The HKW Defendants filed a Notice of Joinder in Part in the Trustee's Motion, limited to the Trustee's request to stay the proceedings until the Georgia Declaratory Relief action has concluded. ECF No. 15.

## REQUEST FOR JUDICIAL NOTICE

As an initial matter, the Trustee requests that the Court take judicial notice of several documents filed in the Georgia Declaratory Relief Action. *See generally* RJN. Plaintiff does not oppose the Trustee's request, and the HKW Defendants joined in the Trustee's request.

As a general rule, a district court cannot rely on evidence outside the pleadings in ruling on a Rule 12(b)(6) motion without converting the motion into a Rule 56 motion for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998)). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—

without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed. 1999)). Federal Rule of Evidence 201(b) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "Judicially noticed facts often consist of matters of public record, such as prior court proceedings . . . or other court documents." *Botelho v. U.S. Bank, N.A.*, 692 F. Supp. 2d 1174, 1178 (N.D. Cal. 2010) (citation omitted); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (The court "may take judicial notice of court filings and other matters of public record."). While "[a] court may take judicial notice of the existence of matters of public record, such as a prior order or decision," it should not take notice of "the truth of the facts cited therein." *Marsh v. San Diego Cty.*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006).

The Court therefore takes judicial notice of the existence of the documents from the Georgia Declaratory Relief Action attached to the Trustee's Request for Judicial Notice, but not the truth of the facts cited therein. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (stating a federal court may take judicial notice of "documents on file in federal or state courts"). Accordingly, the Court **GRANTS** the Trustee's Request for Judicial Notice.

## MOTION TO DISMISS OR STAY

### I. Legal Standard

The Declaratory Judgment Act provides in relevant part: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). Because "the Declaratory Judgment Act is 'deliberately cast

in terms of permissive, rather than mandatory, authority,'" *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (Reed, J., concurring)), once jurisdiction is established, courts have discretion whether to entertain an action for a declaratory judgment. *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494. But "this discretion is not unfettered," and "[a] District Court cannot decline to entertain such an action as a matter of whim or personal disinclination." *Dizol*, 133 F.3d at 1223 (quoting *Pub. Affairs Assocs., Inc.*, 369 U.S. at 112). Indeed, "this discretionary jurisdictional rule does not apply to '[c]laims that exist independent of the request for a declaration.'" *Scotts Co. v. Seeds, Inc.*, 688 F.3d 1154, 1158 (9th Cir. 2012) (quoting *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998)). Consequently, "[a] district court may, in its discretion, stay or dismiss a federal case in favor of related state proceedings: (1) when an action seeks only declaratory relief . . . , or (2) when exceptional circumstances exist." *Id.* (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282–88 (1995); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14 (1983)). If an action seeking declaratory judgment presents an actual case or controversy and fulfills jurisdictional prerequisites, a district court must make a discretionary determination that entertaining the action is appropriate. *Id.* at 1222–23.

Though discretionary, "the court must decide whether to exercise its jurisdiction by analyzing the factors set out in *Brillhart v. Excess Ins*[*urance*] *Co.*, 316 U.S. 491 (1942), and its progeny." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). "Essentially, the district court 'must balance concerns of judicial administration, comity, and fairness to the litigants.'" *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994) (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991)). *Brillhart* sets forth a non-exclusive list of factors advising that a "district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Dizol*, 133 F.3d at 1225. A number of other considerations may be relevant:


> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Id.*

The Ninth Circuit in *Dizol* outlined the rule that, in general, a court should not decline to entertain a claim for declaratory judgment "when other claims are joined with [the] action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief)." *Id.* (internal citation omitted). "If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation." *Id.* at 1225–26 (internal citation omitted). If the district court has subject matter jurisdiction over the monetary claim alone and the monetary claim need not necessarily be joined with the declaratory action, the court should follow the general rule in *Dizol*. *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001).

**II.     Analysis**

The Trustee requests that the Court "dismiss[] or stay[]" the action "pending resolution of the currently pending [Georgia Declaratory Relief Action]." Mot. at 2. The Trustee claims that this action "is an attempt at forum shopping and it is improper." *Id.* at 5. The Trustee argues that Plaintiff waited three years after Leucadia filed the Underlying California Action to bring the present action, and that the Parties have extensively litigated the same coverage issue asserted in the Complaint in the Georgia Declaratory Relief Action. *Id.* In response, Plaintiff claims that the Court does not have discretion to dismiss or stay the action because its Complaint asserts coercive claims for rescission and reimbursement of costs. Opp'n at 1. Alternatively, if the Court were to find this is a

declaratory relief action, Plaintiff argues that the *Brillhart* factors weigh in favor of this action proceeding in this Court. *Id.*

First, the Court determines that the statutory requirements for diversity jurisdiction are met: the Underwriters are an unincorporated association whose members are citizens of the United Kingdom, Compl. ¶ 1; HKW and Leucadia Investment Holdings, Inc. were both incorporated in Georgia with their principal places of business in Georgia, *id.* ¶¶ 2, 8; Douglas R. Kertscher, Robert R. Joseph, and Daryl Moody are residents of Georgia, *id.* ¶¶ 3–4, 9; Ronald E. Stadmueller is a resident of California, *id.* ¶ 7; and Leucadia Group LLC is a California limited liability company, *id.* ¶ 6. The Underwriters also allege that "the amount in controversy exceeds $75,000, exclusive of attorney's fees, interests, and costs." *Id.* ¶ 19. Consequently, the complete diversity and statutory amount-in-controversy requirements are met. *See* 28 U.S.C. § 1332.

Second, the Court must determine whether Plaintiff seeks relief independent of its declaratory relief claims, thereby mandating federal jurisdiction. Plaintiff argues that this action includes claims for coercive relief, specifically rescission and reimbursement of defense costs, and therefore the Court lacks discretion to stay or dismiss this case. Opp'n at 4. The Ninth Circuit has instructed that when a district court is "determin[ing] whether there are claims in the case that exist independent of any request for purely declaratory relief," the court must examine whether the claims "would continue to exist if the request for a declaration simply dropped from the case." *Snodgrass*, 147 F.3d at 1167–68. The Court will first examine Plaintiff's argument that it has asserted a separate claim for rescission, then Plaintiff's argument that its prayer for reimbursement of defense costs mandates jurisdiction.

Plaintiff asserts two claims in the Complaint: "Declaratory Relief as to Rescission and Cancellation of Insurance Policy for Misrepresentation, Concealment and Nondisclosure" and "Declaratory Relief as to Coverage." Compl. at 16–17. Plaintiff explicitly seeks "a declaration from the Court that [Plaintiff] may rescind the Policy," *id.* ¶ 76, or "a judicial determination as to the rights and duties of each party under the Policy,"

*id.* ¶ 85; *see also id.* at Prayer (requesting that the Court "enter a declaratory judgment" in its favor). Plaintiff relies on out-of-Circuit authority to argue that it has asserted a rescission claim distinct from its declaratory relief claims. Opp'n at 4 (quoting *Home Ins. Co. v. Townsend*, 22 F.3d 91, 92 (5th Cir. 1994)). In *Townsend*, the Fifth Circuit ruled that an insurer's claim for rescission was not a claim for declaratory relief because the insurer "plainly asks for rescission." *Id.* The insurer's complaint asserted claims for "Recission of the 1990 Policy" and "Rescission of the 1992 Policy." *Id.* The Fifth Circuit relied on the plain language of the insurer's complaint to find that these claims were not solely for declaratory relief. *Id. Townsend* is distinguishable from the present case because the plain language of Plaintiff's Complaint seeks solely declaratory relief. *See* Compl. at 16–17. Plaintiff seeks a declaration that it has no duty to defend the HKW Defendants in the Underlying California Action and the Underlying Georgia Action or that Plaintiff may rescind the Policy. Without these declaratory relief claims, Plaintiff's request for rescission would not exist. Therefore, Plaintiff's rescission request is not independent and does not mandate the Court exercise jurisdiction in this case.

Additionally, Plaintiff's prayer for reimbursement of defense costs is derivative of its declaratory judgment claims. *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001) (finding monetary claim for reimbursement was not independent of declaratory claim, but rather "derivative" of it). Plaintiff will not receive reimbursement of costs unless the Court finds there is no coverage under the Policy. Here, "the request for a declaration lies at the heart of the action[.]" *Snodgrass*, 147 F.3d at 1167. Therefore, the Court finds Plaintiff does not seek any relief independent of its declaratory relief claims, and the Court is not required to exercise jurisdiction in this matter.

Third, the Court must examine the *Brillhart* factors articulated by the Supreme Court and elaborated upon in subsequent Ninth Circuit precedent to determine whether to exercise its discretion to dismiss or stay this declaratory relief action. The Parties do not dispute that the issues involving the Policy are governed by Georgia state law. *See* ECF No. 1-8 at 5, 18 (stating the law governing the Policy is Georgia state law). Therefore, the

decision of Plaintiff's declaratory relief claim as to rescission and prayer for reimbursement of defense costs will require the Court to apply Georgia law. The only reason Plaintiff is in federal court is on diversity grounds. This suggests that the federal interest in this matter is at its lowest.

Although the present action and the Georgia Declaratory Relief Action are not identical, the actions are parallel. *See Am. Nat. Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1017 (9th Cir. 1995), *overruled on other grounds by Dizol*, 133 F.3d 1220 ("[T]he federal action does parallel the state action in the sense that the ultimate legal determination in each depends upon the same facts."). Courts often find cases are parallel if they involve common issues of fact, even if the actions involve different parties. *See, e.g.*, *Diamond State Ins. Co. v. Fame Operating Co.*, 917 F. Supp. 736 (D. Nev. 1996). The present action includes all the Parties of the Georgia Declaratory Relief Action but also includes the Trustee and Leucadia Group LLC. Plaintiff claims that there is no jurisdiction over the Trustee and Leucadia in Georgia, and therefore this Court is the only forum that can afford complete relief to the Parties. Opp'n at 8. Although this action also encompasses coverage issues related to the Underlying California Action, the determination of coverage under the Policy involves the same factual allegations Plaintiff advanced and extensively litigated in the Georgia Declaratory Relief Action. Thus, Plaintiff's request for declaratory relief requires this Court to resolve issues that are similar to those before the Georgia state court—many of which the Georgia court has already ruled on, and which the parties have litigated through appeal. It is not in the interest of judicial economy to have this Court and the Georgia court resolve the same issue of coverage under the Policy for the Underlying Georgia Action. It is also possible that the outcome of the Georgia Declaratory Relief Action will have collateral effect on the unresolved issues in dispute in this action.

Additionally, it is clear to the Court that Plaintiff is engaging in forum shopping. The Trustee argues that Plaintiff "now seek[s] a new forum to take a second bite of the apple after the order granting their motion for summary judgment to rescind the policy was reversed on appeal." Opp'n at 5. The Court agrees. The second *Brillhart* factor favors

"discouraging an insurer from forum shopping." *Am. Cas. Co. of Reading, Pa. v. Krieger*, 181 F.3d 1113, 1118 (9th Cir. 1999); *Dizol*, 133 F.3d at 1225 ("[F]ederal courts should generally decline to entertain reactive declaratory actions."). Forum shopping occurs when a party files a federal declaratory judgment suit "to see if it might fare better in federal court at the same time the insurer is engaged in a state court action." *Krieger*, 181 F.3d at 1119. A court must look to the "sequence of events" leading to a federal action to determine if a party has engaged in forum shopping. *See Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995) ("This sequence of events alerts us to be on guard for ties between the state and federal actions, because the *Declaratory Judgment Act* is not to be used either for tactical advantage by litigants or to open a new portal of entry to federal court for suits that are essentially defensive or reactive to state actions." (emphasis in original)).

Although Plaintiff claims that this is the only forum that can exert jurisdiction over the Trustee and Leucadia, Plaintiff waited almost three years after Leucadia filed the Underlying California Action to bring this declaratory relief action in federal court. Meanwhile, Plaintiff, the HKW Defendants, and Mr. Moody were litigating many of the issues asserted in the Complaint in the Georgia Declaratory Relief Action. In Georgia, the parties conducted discovery and litigated Plaintiff's declaratory relief action through summary judgment and appeal. Plaintiff only brought this action after receiving an unfavorable ruling on appeal. *C.f. Dizol*, 133 F.3d at 1224 ("Some litigants have initiated a federal declaratory action, then claimed error in the trial court's exercise of jurisdiction upon receiving an adverse decision by the trial court or on appeal."). Additionally, Plaintiff filed this action only ten days after the HKW Defendants asserted a counterclaim in Georgia seeking adjudication that the Policy is valid and obligates Plaintiff to defend and indemnify the HKW Defendants in the Underlying Georgia Action. The timing of these events and when Plaintiff brought the present action indicates forum shopping.

In sum, the Court concludes that the *Brillhart* factors, along with the additional factors identified in *Dizol*, cumulatively weigh in favor of the Court staying this case. The

Court finds that a stay is necessary to discourage litigants from filing declaratory actions as a means of forum shopping and to avoid duplicative litigation. *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1372 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133 F.3d at 1220 ("[I]f a declaratory judgment suit is defensive or reactive, that would justify a court's decision not to exercise discretion." (citing *Transamerica Occidental Life Ins. Co. v. Digregorio*, 811 F.2d 1249, 1254 n.4 (9th Cir. 1987))). The Court declines the Trustee's invitation to dismiss this case, as Plaintiff has alleged this is the only forum that may assert jurisdiction over some of the Defendants. Therefore, the Court **GRANTS** the Trustee's Motion and **STAYS**, instead of dismisses, this action pending resolution of the Georgia Declaratory Relief Action.

## MOTIONS FOR DEFAULT JUDGMENT

Plaintiff moved for Default Judgment against Defendants UAS Investments, LLC; Leucadia Investment Holdings, Inc.; and Mast Nine, Inc. (ECF Nos. 42, 43). It is within the Court's discretion whether to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). If entering a final default judgment as to some, but not all, of the parties in an action might lead to logically inconsistent adjudications, the better practice is to wait until either all defendants have defaulted or there has been a complete adjudication of the case. *See, e.g.*, *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 432–33 (8th Cir. 1992); *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1256–57 (7th Cir. 1980). In light of the Court's findings *supra*, entering default judgment as to some Defendants in this action could lead to logically inconsistent adjudications. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motions for Default Judgment (ECF Nos. 42, 43).

## EX PARTE MOTION REGARDING SERVICE

Plaintiff filed an Ex Parte Motion to Extend Time to Serve Summons and Complaint and for Order Allowing Service on Daryl Moody by Publication (ECF No. 23). Plaintiff seeks an Order providing for an additional ninety days to serve Mr. Moody with the Summons and Complaint and allowing service on Mr. Moody by publication. *Id.* at 1.

I.       **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 4(e), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by personal service, leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there" or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

The Federal Rules of Civil Procedure do not expressly provide for service of process by publication. However, Mr. Moody is located in Georgia, which does provide for service by publication at section 9-11-4(f)(1) of the Georgia Annotated Code. This section provides that,

> [w]hen the person on whom service is to be made . . . conceals himself or herself to avoid the service of the summons, and the fact shall appear, by affidavit, to the satisfaction of the judge or clerk of the court, and it shall appear, either by affidavit or by a verified complaint on file, that a claim exists against the defendant in respect to whom the service is to be made, and that he or she is a necessary or proper party to the action, the judge or clerk may grant an order that the service be made by the publication of summons[.]

Ga. Code Ann. § 9-11-4(f)(1)(A). When a party moves for service by publication, the court must "determine whether the movant has exercised due diligence in pursuing every reasonably available channel of information" in attempting to perfect service. *Abba Gana v. Abba Gana*, 304 S.E. 2d 909, 912 (Ga. 1983). "This inquiry includes ensuring that the movant has exhausted all channels of information of which it was actually aware or could have become aware through the exercise of due diligence." *Progressive Mountain Ins. Co. v. Rangel*, No. 3:17-CV-098-TCB, 2017 WL 10087268, at *1 (N.D. Ga. Nov. 14, 2017) (citing *Abba Gana*, 304 S.E.2d at 913 n.2) (finding that the petitioner demonstrated due diligence because its search for respondents included attempting to personally serve at the

last known addresses, performing skip traces, using a private investigator, and speaking with former counsel and neighbors).

## II.     Analysis

Plaintiff has demonstrated its diligence in attempting service of process on Mr. Moody.  Plaintiff's process server attempted to personally serve Mr. Moody seven times over the course of eighteen days in the afternoon and evenings at his residence.  Affidavit of Gordon Smith ("Smith Aff.") ¶ 9, ECF No. 23-1.  Plaintiff used multiple sources to confirm the address of Mr. Moody's residence, including searching Westlaw Public Records; the Fulton County, Georgia, Board of Assessors Property Records; court dockets; and the Georgia Secretary of State website. *Id.* ¶¶ 5–7.  Plaintiff also tried unsuccessfully to reach Mr. Moody's counsel concerning whether Mr. Moody's counsel would accept service on Mr. Moody's behalf. *Id.* ¶ 4.  Finally, Plaintiff's process server made observations that suggest Mr. Moody was deliberately evading service, including lights on in the residence, cars in the driveway, and children playing in the front yard. *Id.*, Ex. A.  Plaintiff has made the necessary showing under Georgia law that it has identified the address of Mr. Moody's residence but has been unable to effect personal service on him despite diligent attempts to do so.  Therefore, Plaintiff has carried its burden of demonstrating that service by publication is appropriate. *See Progressive Mountain Ins. Co.*, 2017 WL 10087268, at *1 (granting service by publication where plaintiff utilized a skip trace service, hired a private investigator, and interviewed former neighbors); *Chronister v. Butts Cty.*, No. 5:15-CV-150, 2016 WL 236235, at *1 (M.D. Ga. Jan. 20, 2016) (finding service by publication appropriate when the process server made three attempts to serve the defendant, waited 30 minutes during each attempt, and observed various facts indicating the defendant was deliberately evading service); *Great Am. Ins. Co. v. Am. Pan & Eng'g Co.*, No. 3:12-CV-129, 2012 WL 13028207, at *1 (N.D. Ga. Nov. 7, 2012) (allowing service by publication when the plaintiff interviewed defendant's children, neighbors, and former counsel and searched cell phone records).

///

As it appears Mr. Moody is evading service, Plaintiff has shown that outside factors have prevented timely service upon Mr. Moody. Accordingly, good cause exists for Plaintiff's failure to effect service of process upon Mr. Moody and warrants an extension of time to do so. Therefore, the Court **GRANTS** Plaintiff's Ex Parte Motion to Extend Time to Serve Summons and Complaint and for Order Allowing Service on Daryl Moody by Publication (ECF No. 23). However, in the interests of ensuring that Mr. Moody has actual notice of the present action, the Court additionally orders Plaintiff to serve Mr. Moody by mail at his residential address.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** the Trustee's Request for Judicial Notice (ECF No. 6) and **STAYS**, rather than dismisses, this action pursuant to the Trustee's Motion to Dismiss, or, in the alternative, Stay the Complaint (ECF No. 6). The Parties **SHALL FILE** a Joint Status Report no more than fourteen (14) days after the date a verdict is rendered or settlement is reached in the Georgia Declaratory Relief Action.

Additionally, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motions for Default Judgment (ECF Nos. 42, 43) and **GRANTS** Plaintiff's Ex Parte Motion to Extend Time to Serve Summons and Complaint and for Order Allowing Service on Daryl Moody by Publication (ECF No. 23).

**IT IS SO ORDERED.**

Dated: March 14, 2022

Hon. Janis L. Sammartino
United States District Judge